The opinion of the court was delivered by
Watkins, J.
This is an appeal from an interlocutory judgment or decree refusing the defendant an injunction against an order of seizure and sale, predicated upon his affidavit that the mortgage debt had become extinguished by compensation previous to plaintiffs’ acquisition of the mortgage notes.
Defendant avers that when Albert Meyer was the owner of the notes in suit, he acquired, by purchase from the Bank of Oomm'erce of St. Louis, a $6000 interest in a judgment it held against Meyer for a *721 much larger sum, with due notice to him of the transfer, and therewith said notes were compensated and extinguished. That this transaction occurred on the 2d of October, 1889, and the plaintiffs acquired said notes on the 9th of said month, subsequent to their maturity, and subject to all equities between himself as maker and Meyer as payee, and that the plea of compensation is good against them in their hands. That H. & C. Newman, as the holders of said mortgage notes have petitioned for and obtained an order of seizure and sale against the mortgaged property, and will proceed to seize and sell the same, unless restrained by injunction, and to which the seized debtor alleges himself to be entitled, as of right, without bond, and upon making the affidavit prescribed by law. Code of Practice, Article 789.
In illustration of the manner in which he acquired an interest in the judgment of the bank against Meyer, the defendant avers that he executed to the bank a title to the mortgaged property, which he caused to be duly recorded, and of which the bank took immediate possession. The deed, with the accompanying cei'tificate of the Registrar of Conveyances appended, was annexed to the defendant’s answer. On this showing the District Judge declined to grant an injunction without assigning any reasons in writing.
Counsel for the plaintiff insist, in argument and brief, that the judge grounded his refusal on the manifest simulation of the transaction between the defendant and the bank. In proof of such apparent simulation, (and we employ the phrase “ apparent simulation ” because the judge refused the injunction upon a simple inspection of the papers, and heard no evidence, of course), we are cited to the concluding sentences of the deed, viz:
“The portion of the judgment so transferred is to be pleaded in compensation against these mortgage notes; the Bank of Commerce is to defray all legal expenses in making the plea of compensation.
“When said notes have been canceled as compensated, and the mortgage claim cleared from the property, the Bank of Commerce is to pay me §800 cash.”
We are also referred to a supplemental statement, made in writing and signed by the defendant, contemporaneously with the deed, and which is as follows, viz:
“In consideration of the Bank of Commerce of St. Louis subro *722 grating me to such portion of their claim against Katz & Meyer as partners, and Albert Meyer individually, as will compensate the mortgage notes held against me by Albert Meyer, * * * I hereby agree that the Bank of Commerce * * * shall receive all that may be realized out of their claim so subrogated.”
Prom these documents we extract the three significant paragraphs illustrative of the view of plaintiff’s counsel, viz:
1. “ The Bank of Commerce is to defray all legal expenses in making the plea of compensation.”
2. “ When the notes have been cancelled * * * and the mortgage claim cleared from the property, the bank * * * is to pay $300 cash.”
3. 1 ‘ In consideration of the bank * * * subrogating me (the defendant) to a portion of its judgment against Meyer, I hereby agree that the Bank of Commerce * * * shall receive all that may be realized out of their claim so subrogated.”
The theory of the defendant is that he conveyed to the Bank of Commerce the property mortgaged in consideration of a $6000 interest in the bank’s judgment against his mortgagee, Meyer. By this means defendant expected to extinguish, by compensation, his mortgage notes to Meyer, discharge the mortgage from the property he had transferred to the bank, and thus secure to it an' unencumbered title.
Of course the defendant expected to lose the property, which was of insufficient value to satisfy his debt, but he wished to obtain his discharge from the debt to Meyer and the plaintiffs. The bank was to receive the property as compensation for a $6000 payment on its judgment against Meyer. In such a transaction it appears to us perfectly legitimate for the bank to agree to defray the expenses of a litigation by which it was to be so largely benefited, and to pay $300 additional, as a difference in value in the. transaction, when it should be concluded. And when by a supplemental agreement, of same date as the deed, defendant consented that “the bank * * * shall receive all that may be realized out of their claim so subrogated,” he doubtless intended to convey the same idea in another form of words. We can not readily perceive in what other way the bank was to realize on its judgment against confessedly an insolvent person. And if it had been possible for the bank to have realized otherwise, *723 it would not have made the trade it did, when an execution could have served more efficaciously.
Without the light of any testimony other than that furnished by the answer and .the annexed documents, we do not feel warranted in the assumption that the transaction was manifestly simulated or apparently unreal. The defendant having distinctly and unequivocally set up a demand in compensation against an executory mortgage and notes, and made the requisite oath, we think him entitled to a preliminary injunction on the showing made.
It is therefore ordered and decreed that the judgment appealed from be annulled and reversed; and it is now ordered that the cause be reinstated and remanded to the court a qua for further proceedings according to law, and the views herein expressed — costs of appeal to be taxed against the plaintiffs and appellees, and those of the lower court to await final judgment thereon.